FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 1 2007

JAMES W. McCORMACK, CLERK
By:_____
                         DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                    **4:05CR00162-01-WRW**

**ROBERT MCGHEE**

### ORDER

A hearing was held on May 5, 2007 on Defendant's Motions to Dismiss under the Speedy

Trial Clause of the Sixth Amendment and Speedy Trial Act ("STA"),[1] and for Reconsideration of

his confinement.[2] The Prosecution responded to both Motions,[3] and Defendant replied to the

Prosecution's responses.[4]

Defendant asserts that 898 days have elapsed from the time of his arrest until his trial

date. Defendant identifies two time periods where the Prosecution caused unreasonable delay in

violation of his speedy trial rights. The first period includes 210 days between his arrest and his

indictment. The second period includes a 69-day delay to transport Defendant to Florida for a

mental evaluation, plus another 44 day delay to return Defendant to Arkansas after the evaluation

was completed in December 2006.

---

[1]Doc. No. 45.

[2]Doc. No. 35.

[3]Doc. Nos. 49, 55.

[4]Doc. Nos. 57, 58.

The Prosecution responds that any pre-indictment delays were caused by the state and not the federal government. Post-indictment delays were caused by Defendant's requests for continuances and one continuance request made by the Prosecution. Further, the Prosecution asserts that delays caused by completing the mental evaluation are excusable under the STA[5]

Defendant's pretrial release was revoked on June 7, 2006 because of a positive drug screen. Defendant's first motion to modify his confinement was denied. Defendant is asking for reconsideration.

## I. Background

The parties agree that 33 days under the STA have expired already.[6]

Defendant was arrested by the Little Rock police for bank robbery on November 17, 2004, and was released from the Pulaski County Jail in February 2005 without being charged.[7] He was indicted by a Federal Grand Jury on June 8, 2005,[8] arraigned on June 15, 2005,[9] and on July 19, 2005, he moved for his first continuance.[10] Defendant requested a second continuance, which was granted on January 19, 2006, and the trial was reset for June 5, 2006.[11]

---

[5]18 U.S.C. §§ 3161-3174.

[6]Doc. Nos. 65 at 14, 66 at 2.

[7]Doc. No. 21, pp. 4-75.

[8]Doc. No. 1.

[9]Doc. No. 5.

[10]Doc. No. 13.

[11]Doc. No. 20.

On May 31, 2006, the Prosecution made its only request for continuance because an important witness was ill and unable to testify.[12]  This motion was granted and the trial date was moved to November 20, 2006.[13]

While awaiting trial, Defendant moved for a Determination of Mental Competency.[14] His motion was granted on August 9, 2006.[15]  This order committed Defendant to the Attorney General's custody, and excluded from the STA any delay caused by the examination.[16] Although a mental capacity evaluation was ordered in August 2006, Defendant was still in Arkansas in October 2006, awaiting transportation to Florida.

On October 2, 2006, Defendant asked to withdraw his mental evaluation motion, and requested an emergency hearing.[17]  Both requests were denied by an October 12, 2006 Order.[18] The Order directed the United States Marshal Service ("USMS") to take Defendant to Florida on October 16, 2006.[19]

---

[12]Doc. No. 28.

[13]Doc. No. 29.

[14]Doc. No. 36.

[15]Doc. No. 39.

[16]*Id.*

[17]Doc. Nos.  40, 41.

[18]Doc. No. 42.

[19]*Id.*

Defendant arrived at the designated medical facility on October 17, 2006.[20] The mental evaluation report[21] was filed on January 3, 2007. However, the report is dated December 11, 2007.[22] On January 4, 2007 the Bureau of Prisons was notified that Defendant was ready to be taken back to Arkansas. However, Defendant did not return to Arkansas until January 24, 2007. Consequently, Defendant's trial was reset for May 21, 2007.[23]

According to Defendant, after the August 9, 2006 Order[24] was entered, it took 69 days to designate a facility and send Defendant to Florida. It took another 44 days to bring him back to Arkansas, after the evaluation was finished.

Defendant argues that the entire time from August 9, 2006 to October 17, 2007 should be counted toward the 70-day STA deadline, minus the 10 days allowed under the Act for transportation. Defendant contends that if this calculation is done, the Prosecution has exceeded the STA deadline by 22 days.

The Prosecution responds that, under the STA, the time spent to accomplish procedural and administrative requirements is not considered the same as time spent in the custody of the USMS being escorted from one place to another.

_____

[20]Doc. No. 49

[21]Doc. No. 43 (under seal).

[22]*Id.*

[23]Doc. No. 44.

[24]Doc. No. 42.

4

## II. Authority

### A. The Sixth and Fifth Amendment

The Sixth Amendment speedy trial protection is triggered by either a formal indictment or actual arrest.[25] When there is no indictment, the arrest triggers the speedy trial protection.[26] The Sixth Amendment speedy trial right is analyzed by a four-factor balancing test.[27]

This test requires the court to consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.[28] Under the Sixth Amendment, a pre-indictment arrest on state charges does not trigger speedy trial protection for a later federal charge.[29] But, a defendant may assert a Fifth Amendment violation for such delays.

The Fifth Amendment's due process clause prohibits unreasonable pre-indictment delay.[30] To establish unreasonable pre-indictment delay, a defendant must show that the delay resulted in actual and substantial prejudice to his defense, and that the government intentionally delayed the indictment to gain a tactical advantage or to harass him.[31] Neither the Sixth nor Fifth Amendments set a specific deadline to bring a defendant to trial.

---

[25] *United States v. Marion*, 404 U.S. 307, 320 (1971).

[26] *United States v. Loud Hawk*, 474 U.S. 302, 310 (1986).

[27] *Barker v. Wingo*, 407 U.S. 514 (1972).

[28] *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002).

[29] *United States v. Brown*, 605 F.2d 389, 395 (8th Cir. 1979).

[30] *United States v. Sturdy*, 207 F.3d 448, 451-52 (8th Cir. 2000).

[31] *Id.* at 452.

## B. The Speedy Trial Act

Contrary to the Sixth and Fifth Amendments, the Speedy Trial Act imposes specific time limits, and requires that a defendant be brought to trial within 70 days of indictment or arraignment, whichever is later.[32] However, certain periods between arraignment and trial are not counted toward the 70 days.[33]

The time periods excluded from the STA deadline include the following: (1) time needed for any proceedings, including mental competency examinations;[34] (2) time taken for filing a pretrial motion, from the date the motion is filed through its disposition;[35] (3) time taken for transportation of any defendant to or from places of examination, except that any time consumed in excess of ten days from the date of an order directing transportation, and the defendant's arrival, will be presumed unreasonable;[36] and (4) time, not to exceed 30 days, during which any proceeding concerning the defendant is under advisement by the court.[37]

The two categories covered by the STA, relevant to this case, are proceedings for mental evaluation and transportation for mental evaluations.

---

[32]*U.S. v. Blankenship*, 67 F.3d 673, 675 (8th Cir. 1995).

[33]18 U.S.C. § 3161(h).

[34]18 U.S.C. § 3161 (h)(1)(A).

[35]18 U.S.C. § 3161(h)(1)(F).

[36]18 U.S.C. § 3161(h)(1)(H).

[37]18 U.S.C. § 3161(h)(1)(J).

6

The majority of courts view transportation delays for mental competency evaluations as included in speedy trial calculations.[38] This means that if it takes over ten days to transport a defendant, the excess days count toward the 70-day speedy trial limitation.[39] Any delay over the 10 days allotted is presumed unreasonable.[40] However, procedural delays for mental evaluations are not included in the calculation.[41]

Whether the STA was violated as a result of the time it took to complete Defendant's mental evaluation depends on the reason for the delay. If the delay was caused by the *process* involved in arranging the evaluation, then the time is not counted.[42] But, time that exceeds 10 days during Defendant's *transportation* will be counted.[43]

─────────────────

[38]*Id.*

[39]*United States v. Antoine*, 906 F.2d 1379, 1381 (9th Cir. 1990); (holding that, because a defendant's transport from a mental competency examination took more than ten days, the excess days would be counted); *United States v. Taylor*, 821 F.2d 1377, 1384 (9th Cir. 1987) (holding that time over 10 days to transport a defendant from one state to another would be counted) (reversed on other grounds).

[40]*Taylor*, 821 F.2d at 1834 (finding that the government failed to rebut the presumption of unreasonableness).

[41]*United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990) (holding that an eight month delay after an order for a mental evaluation was entered, arose from *proceedings* to determine competency and was not counted).

[42]18 U.S.C. § 3161 (h)(1)(A) (This section excludes "delay resulting from other proceedings . . . including any examinations, to determine the mental competency . . . of the defendant.") (emphasis added).

[43]18 U.S.C. § 3161(h)(1)(H) (This section states that "delay resulting from transportation . . . to and from places of examination . . . shall be presumed unreasonable.") (emphasis added).

From the testimony and evidence presented during the hearing, as well as from the pleadings and arguments of counsel, I find:

## III. Findings

1. The time period from Defendant's arrest until his indictment did not violate the Sixth Amendment because his pre-indictment arrest on state charges did not trigger the Sixth Amendment speedy trial protection for the federal charge.

2. The pre-indictment delay did not violate Defendant's Fifth Amendment rights because he failed to show actual and substantial prejudice; that the delay was caused by federal agents; or that the delay was the result of harassment or attempts to gain an advantage.

3. The total number of days taken between Defendant's arrest and his current trial date does not violate his Sixth Amendment right because the greatest amount of delay was caused by Defendant's requests for continuances in July 2005 and January 2006.[44]

4. The days between August 9, 2006 and October 16, 2006 are not counted under the STA because they were taken as a result of the process involved in completing a competency evaluation, and did not constitute transportation days.[45]

---

[44]Doc. Nos. 14, 18.

[45]*Vasquez*, 918 F.2d at 331; *United States v. Yazzie*, No. CR 04-1210-PCT, 2006 WL 2772536 (D. Ariz. September 25, 2006).

5. The days between December 11, 2006 and January 4, 2007 are not counted under the
STA because they were exhausted during the process of completing the evaluation report and
formally filing it.[46]

6. The Prosecution exceeded the 10-day limit to transport Defendant from Florida on
January 4, 2007 back to Arkansas on January 24, 2007.

7. The Prosecution did not rebut the presumption that the transportation delay was
unreasonable because the ice storm that delayed Defendant's flight occurred January 16, 2007.
Under the STA, Defendant should have been returned to this District by January 15, 2007, at the
*latest*.[47]

8. The Prosecution exceeded the 10-day transportation limit by 9 days which will be
counted toward the 70-day limitation.

9. All other delays in this case are not counted under the STA because they were the
result of Defendant's request for continuances, the prosecution's reasonable request for one
continuance, and the time taken to file and decide pre-trial motions.[48]

10. A total of 42 days are counted toward the STA 70-day deadline, and there is no
violation of the Act.

_____   _____

[46] 18 U.S.C. § 3161 (h)(1)(A) (emphasis added).

[47] Doc. No. 68.

[48] 18 U.S.C. § 3161(h).

9

## IV. Conclusion

In view of the above findings, Defendant's Motion to Dismiss under the Speedy Trial Clause of the Sixth Amendment and Speedy Trial Act (Doc. No. 45) is DENIED and Defendant's Motion for Reconsideration (Doc. No. 53) is DENIED.

IT IS SO ORDERED this 21 day of May 2007.

_____
UNITED STATES DISTRICT JUDGE

10