IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                              **4:05CR00162-WRW**

**ROBERT MCGHEE**

## ORDER

Pending are Defendant's Motion for Emergency Inquiry into Validity of Verdict (Doc. No. 76) and Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. No. 79). The Prosecution has responded (Doc. No. 78).

**Motion for Emergency Inquiry**

Defendant contends that "Jurist Number 5, Ms. Mary Lynn Watkins, stated that she and other jurists . . . were not allowed to look at the evidence in this case because of the intimidation of certain jurists."[1] However, Federal Rule of Evidence 606(b) reads:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith.[2]

Additionally, when the verdict was announced, I polled each juror individually, and each juror indicated that she or he was in agreement with the verdict. Based on the jury polling and Rule 606(b), Defendant's Motion for Emergency Inquiry into Validity of Verdict (Doc. No. 76) is DENIED.

---

[1] Doc. No. 77.

[2] FED. R. EVID. 606(b). Although the rule lists exceptions for when a juror may testify, the issues in this case do not meet any of the exceptions.

**Motion for Judgment of Acquittal**

Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. No. 79) is DENIED.

IT IS SO ORDERED this 31st day of May, 2007.

/s/ Wm. R. Wilson, Jr_____
UNITED STATES DISTRICT JUDGE