**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**     **4:05CR00162-WRW
4:09CV00411-WRW**

**ROBERT MCGHEE**

**ORDER**

Pending is Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 112). The Prosecution has responded (Doc. No. 118).

**I.     BACKGROUND**

A jury found Petitioner guilty of aiding and abetting armed bank robbery and brandishing a firearm during a crime of violence.[1] On August 10, 2007, Petitioner was sentenced to 141 months in prison, followed by 3 years of supervised release.[2] The Court of Appeals for the Eighth Circuit affirmed Petitioner's conviction on July 7, 2008.[3] On June 5, 2009, Petitioner filed the pending § 2255 habeas petition, alleging ineffective assistance of counsel.[4]

**II.    DISCUSSION**

**A.     Ineffective Assistance of Counsel**

Petitioner alleges that his counsel was ineffective because counsel failed to advise Petitioner of a plea agreement offered by the Prosecution before trial.[5]

---

[1] Doc. No. 72.

[2] Doc. No. 92.

[3] Doc. No. 109.

[4] Doc. No. 112.

[5] *Id.*

1

To prevail on his ineffective assistance of counsel claims, Petitioner must show both deficient performance and prejudice. Petitioner must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[6]

Petitioner asserts that because his counsel never informed him of the Prosecution's plea offer, Petitioner was prevented from deciding whether to take a "beneficial plea of 57 months or proceed to trial and receive the 141 month sentence imposed by the court."[7] Petitioner further asserts that had he been informed of the plea offer, he would have accepted it.

In affidavits, both Petitioner and his mother contend that they asked his lawyer about plea deals and were informed that there were no pleas being offered.[8] Petitioner asserts that after going through the trial records he "discovered for the first time" that the Prosecution had been willing to offer him a deal. However, the record contradicts Petitioner's affidavit as to his lack of knowledge about plea agreements. First, a May 30, 2006, motion to revoke alleged that "defendant and his mother were notified that defendant should appear in the office of his attorney on Tuesday morning, May 30, 2006, in order to discuss the plea offer of the government or to prepare for trial. The government has been advised that the defendant did not so appear, and that there is no response to the government's offer."[9] Additionally, Petitioner was present at a June 7, 2006, revocation hearing when this issue was addressed by the Court. Second, notes in

---

[6] *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[7] Doc. No. 112.

[8] *Id*. at Exs. A, B.

[9] Doc. No. 27.

2

Petitioner's psychiatric evaluation indicate that Petitioner was aware of a plea offer.[10]  Third, Petitioner was in court on May 22, 2007, when the Prosecution referenced having offered a plea deal to Petitioner.[11]

Even if Petitioner's position were accepted as true -- that he was never informed of a possible plea agreement -- the burden remains on Petitioner to show that "but for his counsel's advise, he would have accepted the plea."[12]   He must "present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."[13]  Contrary to Petitioner's assertions, the record reveals that Petitioner has maintained his innocence throughout.  In fact, at sentencing, Defendant asserted "I just want to continue to plead my innocence . . . ."[14]

Because the record is devoid of any evidence that Petitioner would have acknowledged his guilt before trial, Petitioner's ineffective assistance claims are without merit and his request for an evidentiary hearing is denied.[15]

---

[10]"Furthermore, the defendant discussed, at length, how he believes the prosecution does not have evidence against him, which is the reason he is requesting to go to trial <u>rather than accept a plea agreement.</u>" Doc. No. 43 (emphasis added).

[11]May 22, 2007 Trial, Tr. at 120.

[12]*Engelen v. U.S.*, 68 F.3d 239, 241 (8th Cir. 1995).

[13]*Id.*

[14]August 7, 2007 Sentencing Hearing, Tr. at 10.

[15]*Sanders v. U.S.*, 341 F.3d 720 (8th Cir. 2003) ("A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'").

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 112) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 4th day of August, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE